UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

In Re: Robert Zorn : File No. 1:09-MC-78

OPINION AND ORDER
(Paper 1)

Plaintiff Robert Zorn, proceeding *pro se*, has submitted a document entitled "Motion to Reopen for Judgment." The filing, although largely incomprehensible, appears to be asking the Court to re-open various federal and state court cases on the basis of "new facts of supression [sic] by affirmative conduct." The proposed defendants include banks, insurance companies, attorneys, private individuals, Vermont Supreme Court Justices, and a Vermont town.

Because of Zorn's "proclivity for filing meritless and resource-consuming claims," the Court has barred him from filing suit without receiving prior permission. See Zorn v. Brown, File No. 1:05-CV-297 (Paper 50). In Brown, the Court warned that "Zorn may not avoid this order simply by adding onto existing cases." Id. (Paper 70). Zorn's current filing, if it is indeed intended as a motion to re-open one or more cases, falls within the purview of the Court's warning in

Brown. Accordingly, the Court construes Zorn's current filing as a motion for leave to file a complaint.[1]

Zorn's filing sets out a series of allegations, much of which involve past cases, and proceeds to allege broad conspiracies and denials of his constitutional rights. For the most part, his claims are unclear, unintelligible, and conclusory. For example, in one section Zorn alleges

> Court orders using the judiciary of both the State of Vermont and United States by influence to profit their party members, of insurance companies, and private sector individuals, after they defy the statutory public, and or judicial records the appellee defendants, continued the extortion of private sector rights of contract rights of the plaintiff appellant, mandator Robert E. Zorn, through out [sic] the Superior Courts of Vermont Supreme Court of Vermont, and U.S.C.A. and U.S. D. Ct. VT, in a fully orchestrated conspiracy . . . acted in bad faith of due process seriously injuring the plaintiff appellant Robert [E. Zorn's] rights of life liberty and pursuit of happiness . . . .

(Paper 1 at 8).

Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and

---

[1] Zorn styles his filing as a motion to re-open in Zorn v. Progressive Insurance Co., *et al.*, File No. 1:06-CV-240. Even if the Court were to construe Zorn's filing as a Rule 60(b) motion, he does not allege any meritorious grounds for relief, and more than one year has passed since the entry of final judgment in that case. Fed. R. Civ. P. 60(b) and (c).

prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted). When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons v, Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). "Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). A court may also dismiss a case at the outset where the plaintiff's allegations are fantastic or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Zorn's filing consists of an almost stream-of-consciousness pleading style, asserting barely intelligible claims that range from judicial conspiracies to stalking and attempted murder. To the extent that his proposed filing is understandable, he appears to be seeking re-litigation of past cases on the ground that the defendants and jurists involved have conspired against him. Because Zorn's proposed filing fails to comply with established rules of pleading, and given that his substantive claims are clearly frivolous, his motion for leave to file a complaint is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of August, 2009.

                                          /s/ J. Garvan Murtha
                                          J. Garvan Murtha
                                          Senior United States District Judge